IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Stephen Andrew Beckham, | ) | Civil Action No. 6:14-4358-MGL |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Bryan Stirling, Commissioner, South Carolina Department of Corrections, and Leroy Cartledge, McCormick Correctional Institution, | ) ) ) | |
| | ) | |
| Respondents. | | |

Petitioner Stephen Andrew Beckham, ("Petitioner"), a represented state prisoner, filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this matter was referred to United States Magistrate Judge Kevin F. McDonald for review of post-trial petitions for relief and a Report and Recommendation ("Report"). On January 11, 2016, the Magistrate Judge issued a Report, (ECF No. 33), recommending that Respondents' Motion for Summary Judgment, (ECF No. 19), be granted and that the petition be dismissed with prejudice. Petitioner filed a timely Objection to the Report, (ECF No. 36), and the matter is now ripe for review by this Court.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). In the absence of a timely filed Objection, a district court need not conduct a *de*

*novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

In light of the standards set forth above, the Court has reviewed, *de novo*, the entire record in this case, including, in particular, the Magistrate Judge's Report and Petitioner's Objection. The Court has considered each of Petitioner's several objections to the Report and finds that none of them meaningfully counter the core legal conclusions of the Magistrate Judge. In particular, the Court credits the following reasoned conclusions of the Report: (1) that as to Petitioner's first claim for relief, based upon the listed "external contacts" with the sequestered trial jury that heard Petitioner's case, the state court did not unreasonably apply the actual prejudice standard of *Brecht v. Abrahamson* in concluding that none of the listed external contacts had a "substantial and injurious effect or influence in determining the jury's verdict." 507 U.S. 619, 637-38 (1993); and (2) that as to Petitioner's second claim for relief, based upon the exclusion at trial of certain items of defense-proffered evidence, the state court reasonably concluded either that any error by the trial judge in excluding particular items of evidence was harmless in view of the factors set out by the United States Supreme Court in *Delaware v. Van Arsdall*, 475 U.S. 673 (1986), or that the state court reasonably applied state evidentiary law in concluding that particular items of evidence were properly excluded. Certainly, this Court cannot conclude, as the Report does not, that any of the challenged state law evidentiary ruling were so extremely erroneous as to result in a denial of a constitutionally fair proceeding. *See Burket v. Angelone*, 208 F.3d 172, 186 (4th Cir. 2000).

As to that section of the Report that concludes that the United States Supreme Court case of *Holmes v. South Carolina*, 547 U.S. 319 (2006), announced a "new rule" but one not retroactively

applicable to the instant case, the Court determines that neither conclusion is necessary to the resolution of this matter, as the Court departs from the Report in concluding that, irrespective of the question of retroactivity, *Holmes* does not control the ultimate disposition of any claim advanced in the instant petition.[1]  A careful reading of *Holmes* reveals that the precedent does not stand for the proposition that all or even most state court rules of evidence limiting the introduction of evidence of third party guilt violate a criminal defendant's federal constitutional right to present a defense. Indeed, the *Holmes* Court expressly notes the continued viability of such rules, including the original South Carolina rule announced in *State v. Gregory,* 16 S.E.2d 532 (S.C. 1941), which provides that evidence of third party guilt is admissible only if it raises a reasonable inference as to the defendant's innocence.  *Holmes* invalidated a rule that amounted to a significant extension of the *Gregory* rule, as applied by the South Carolina Supreme Court in the now-abrogated cases of *State v. Holmes,* 605 S.E.2d 19 (S.C. 2006) and *State v. Gay*, 541 S.E.2d 541 (S.C. 2001).  Under this significant extension and, indeed, conceptual alteration of the original *Gregory* rule, the trial judge, in determining whether to allow proffered defense evidence, did not focus upon the probative value of the evidence itself, (i.e. whether it tended to exculpate the defendant or was inconsistent with the defendant's guilt), but instead focused upon the strength of the prosecution's case.  As a result, "[i]f the prosecution's case [was] strong enough, the evidence of third-party guilt [was] excluded, even if that evidence, if viewed independently, would have great probative value."  *Holmes v. South Carolina*, 547 U.S. at 329.  However, neither *State v. Holmes* nor *State v. Gay* was even decided at the time that the South Carolina Supreme Court passed upon the instant case in *State v. Beckham*.

---

[1] The Court rejects the Report's contention that "the trial judge's exclusion of evidence [at Petitioner's murder trial] pertaining to third-party guilt would not pass muster under *Holmes* and current law interpreting *Holmes*." ECF No. 33 at p. 34.

513 S.E.2d 606 (S.C. 1999). Nor did the South Carolina Supreme Court in *Beckham* rely upon any other unconstitutional extension of the third party guilt doctrine in deciding Petitioner's appeal.

For the forgoing reasons, the Court accepts in substantial part the Report of the Magistrate Judge and, to the extent not inconsistent with this Order, incorporates it by reference herein, (ECF No. 33), overruling Petitioner's Objection. (ECF No. 36). Respondents' Motion for Summary Judgment, (ECF No. 19), is therefore **GRANTED**, and the Petition is **DISMISSED** with prejudice.

### Certificate of Appealability

The governing law provides that:

> (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253©. A prisoner satisfies the standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller–El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED.**

**IT IS SO ORDERED.**

s/Mary G. Lewis
United States District Judge

March 7, 2016
Columbia, South Carolina